UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**GARY L. SIEPE,**

  **Plaintiff,**

 v.              Case No. 21-CV-00919-SCD

**SOO LINE RAILROAD COMPANY,**[1]

  **Defendant.**

## DECISION AND ORDER DENYING (IN PART) PLAINTIFF'S SECOND MOTION TO COMPEL

  Gary Siepe has moved for a second order compelling Soo Line Railroad Company to comply with his discovery request pursuant to Federal Rules of Civil Procedure 30 and 37. ECF No. 40. Siepe requests that Soo Line produce its corporate representative, Mike Novak, for a third deposition related to discovery produced by Soo Line after Novak's first deposition. *Id.* I already granted Siepe's request for a second deposition of Novak based on the supplemental disclosure, ECF No. 37. But Siepe's counsel cut that redeposition short because he believed that Soo Line failed to properly prepare and comply with questioning. ECF No. 40-1. For the reasons explained below, I will permit Siepe to pursue written discovery on the supplemental documents in question rather than attempt another deposition at this time. I will also deny both parties' requests for sanctions.

---

[1] The defendant indicated it was incorrectly named and is not "doing business as Canadian Pacific Railway Company." ECF No. 41 at 1.

## BACKGROUND

Siepe sued Soo Line under the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51, *et seq.*, alleging occupational exposures caused or contributed to Siepe's 2018 diagnosis with non-Hodgkin's lymphoma. *See* ECF Nos. 1, 14. Soo Line initially agreed that Siepe had been its employee but later amended its answer to deny that assertion. *See* ECF Nos. 15, 24. Siepe acknowledged in his deposition that he worked for a different railroad—the Chicago, Milwaukee, St. Paul & Pacific Railroad Company (Milwaukee Road)—from approximately 1971 to 1982. *See* ECF Nos. 33-1. Soo Line denies that it is the successor-in-interest to the Milwaukee Road and asserts that Soo Line acquired only certain operating assets of the former Milwaukee Road from the bankruptcy trustee in approximately 1985. *See* ECF No. 24. Both parties have consented to my jurisdiction. *See* ECF Nos. 4, 7.

During the course of this litigation, Siepe sought to depose one or more corporate representatives from Soo Line regarding two lines of questioning—denoted as Schedules A and B. ECF No. 40-1 at 2. Soo Line produced Novak to address the Schedule A matters in a deposition on May 24, 2023, and it produced Patrick Mooney for deposition related to Schedule B on May 26, 2023. *See id.* On May 25—the day in-between the two depositions—Soo Line produced supplemental discovery, reportedly consisting of two maps, a Google Earth image, and a deed. *See id.* at 2–3. According to Siepe, the supplemental documents are responsive to the Schedule A issues. *See id.* at 3. Given the timing, Siepe questioned Mooney (the Schedule B witness) about the documents, but defense counsel stated that Mooney was "not speaking for the corporation" regarding interpretation of the supplemental discovery. ECF No. 41-7 at 76:20–23.

Siepe filed a motion requesting redeposition of Novak to address the supplemental discovery. ECF No. 28. Balancing the supplemental disclosure with concerns about relevance, I granted Siepe's motion on the condition that Siepe bear the cost of redeposition. ECF No. 37. The parties attempted that second deposition on November 6, 2023. ECF No. 41-9. After Siepe's counsel ended the deposition early, Siepe filed the motion to compel underlying this order. ECF No. 40. Soo Line filed a brief in response, ECF No. 41, and Siepe filed a reply brief, ECF No. 44. After the parties completed this briefing, Soo Line filed a motion for summary judgment, ECF No. 45, which remains pending.

## LEGAL STANDARDS

A party may file a motion to compel discovery under Rule 37 when another party's response is evasive or incomplete or when a deponent fails to answer a question. Fed. R. Civ. P. 37(a)(3)–(4). Under Rule 30, a party must obtain leave of court to take a deposition if the parties have not stipulated to the deposition and the deponent has already been deposed in the case. Fed. R. Civ. P. 30(a)(2)(A)(ii). Redeposition is permitted to the extent consistent with Rule 26(b)(2)(C), which provides, in relevant part:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Pursuant to Federal Rule of Civil Procedure 26(b)(1):

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount

in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

## MOTION TO COMPEL

Siepe requests that Soo Line produce Novak, or another suitable corporate representative, for redeposition related to the documents Soo Line disclosed following Novak's initial deposition. ECF Nos. 40-1, 44. Siepe acknowledges this is the same relief he sought in the last motion to compel. *See* ECF Nos. 28, 40. Ultimately, Siepe seeks to understand Soo Line's interpretation of the supplemental documentation. *See* ECF No. 40-1. He is specifically concerned with the relationship between the supplemental documents and certain agreements produced by Soo Line prior to the depositions, which include an asset purchase agreement, allocation agreement, and settlement agreement—all pertaining to Soo Line's acquisition of assets and liabilities from the Milwaukee Road. *See* ECF No. 44 at 4.

The exchange of this information appears conducive to written discovery, which should be more convenient, less burdensome, and less expensive than redeposition. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Therefore, I will deny Siepe's motion for redeposition at this time. However, Siepe may conduct written discovery limited to the supplemental disclosure and its interplay with other evidence. If Siepe opposes this resolution, he may file a new motion with the court explaining precisely what he seeks to gain from redeposition and why it cannot be obtained by other less burdensome means. Because Siepe suggests that these documents will inform his successor-in-interest argument, and because Soo Line's motion for summary judgment hinges on Siepe's inability to substantiate that claim, I will stay the deadline for Siepe to respond to Soo Line's motion for summary judgment until thirty days after the deadline to complete this written discovery.

## REQUEST FOR SANCTIONS

Both parties request sanctions against the other. In addition to the range of sanctions authorized by Rule 37, the court has inherent authority to "impose appropriate sanctions to penalize and discourage misconduct." *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016). "Any sanctions imposed pursuant to the court's inherent authority must be premised on a finding that the culpable party willfully abused the judicial process or otherwise conducted the litigation in bad faith." *Id.*

Siepe argues that I should sanction Soo Line for "imped[ing], delay[ing], or frustrat[ing] the fair examination of [a] deponent." ECF No. 40-1 at 12 (citing *Rojas v. X Motorsport, Inc.*, 275 F. Supp. 3d 898, 902 (N.D. Ill. 2017) (itself citing Fed. R. Civ. P. 30(d)(2))). He contends that defense counsel improperly instructed Novak not to answer a question, which led plaintiff's counsel to terminate the deposition prematurely. *See id.* Under Rule 30(c)(2), "[a] person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Soo Line maintains that its counsel objected at the beginning of the last line of questioning because the question exceeded the scope set forth by my order authorizing the redeposition. ECF No. 41 at 11.

The relevant line of questioning from plaintiff's counsel began as follows:

> Q: So if Mr. Siepe did not—if he worked at any point in an area that was purchased by the Soo Line, how would that affect whether—how would that affect your understanding of the asset purchase agreement?
> Mr. Peters: Objection. First of all, the phrase any time, I'll object to that. Second of all, the issue of whether he worked on core or non-core properties was discussed in the prior deposition. This is not—the question is not related to the issue of the documents that were subsequently produced. So you already had the information of what Mr. Novak's testimony or at least the opportunity to determine what his testimony or Soo's testimony would be if he worked on core property as opposed to non-core. So I object.

5

ECF No. 41-9 at 19:16–20:7. After defense counsel noted the objection, Novak and plaintiff's counsel went back and forth—with Novak answering indirectly and critiquing the hypothetical nature of the question. *Id.* at 20:18–22:10. Ultimately, Plaintiff's counsel reworded the question in such an open-ended way—inquiring as to the railroad's position if Siepe worked "in areas outside of what we see on Exhibit 8"—that defense counsel instructed Novak not to answer. *Id.* at 22:24–23:24. Based on the record before me, the issue of liability differing between "core" and "non-core" property existed prior to the supplemental disclosure. Therefore, this line of questioning exceeded the scope of my last order, and although defense counsel accurately observed the insufficient nature of the hypothetical, the original objection to the line of questioning was indeed a proper reason to advise the deponent not to answer. *See* Fed. R. Civ. P. 30(d)(2). Accordingly, I will not sanction Soo Line in relation to this deposition.

Soo Line points a finger back at Siepe and asserts there is ample evidence to impose sanctions on him. ECF No. 41 at 13. However, I am equally unimpressed with its reasons therefor. Soo Line contends that Siepe has: (1) failed to amend a false pleading, (2) exceeded my order during Novak's redeposition, (3) expressed a lack of "respect" for my order denying Siepe's request for other discovery, (4) admitted that another court interpreted the acquisition documents at issue here in a manner that would undermine Siepe's claim, and (5) based his claim on an unfounded assertion that Soo Line purchased the shop where Siepe worked. *See id.* First, Siepe points out that he is pursuing discovery related to the purchase and mapping documents rather than amending the pleadings prematurely. ECF No. 44 at 2–3. Second, the questioning by plaintiff's counsel involved poorly worded hypotheticals but did not so expressly exceed my order on redeposition as to warrant sanctions. Third, Siepe's footnote

mention of a pending motion to reconsider is an avenue he is legally entitled to pursue and does not constitute sanctionable "disrespect" for my order. Fourth, a Washington county court's interpretation of the acquisition documents is not binding on this court. *See* ECF No. 46-4 (order dismissing all claims against Soo Line in *Breazeale v. Bnsf Ry. Co.*, No. 20-2-13657-3 SEA (Wash. Super. July 13, 2021)). Fifth and finally, Siepe assures that he is pursuing good-faith discovery to understand the relevant agreements and related maps. *See* ECF No. 44 at 13. These explanations are satisfactory at this stage of the proceedings and do not warrant sanctions against Siepe.

## CONCLUSION

For the foregoing reasons, the court **DENIES** Plaintiff's motion to compel discovery, ECF No. 40. Plaintiff may have until **March 15, 2024** to seek written discovery, as set forth herein. The parties' respective requests for sanctions are also **DENIED**. The deadline for responsive briefing to Soo Line's motion for summary judgment, ECF No. 45, is **STAYED** until thirty days after the discovery window closes. The standard fourteen-day reply window shall apply thereafter.

**SO ORDERED** this 12th day of January, 2024.

_____
STEPHEN C. DRIES
United States Magistrate Judge